## J. D. WINFIELD v. THEODORE OTT.

(Filed July 30, 1898.)

BANKS AND BANKING—*Statutes—Liability of Officers—Due Process of Law.* Sections 1 and 3 of chapter 7 ("Bank Depositors,") of the Statutes of Oklahoma of 1893, provide that it is the duty of every person or officer, including directors, to know the condition of the bank or banking institution with which he is connected, ignorance of which shall be no defense to a civil action brought under the provisions of this act. These sections create a rule of duty upon such persons or officers, including directors, which is voluntarily assumed by them upon the incorporation of the bank or banking institution, and the acceptance by them of their various offices. They must know the condition of the bank or banking institutions with which they are connected, as to solvency. And they are not in violation of the fifth article of the amendments to the constitution of the United States, which provides that "no person shall be deprived of life, liberty, or property without due process of law."

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Virgil H. Brown, Probate Judge.*

*George Gardner* and *Madden & Buckman,* for plaintiff in error.

*Ed. L. Peckham,* for defendant in error.

### STATEMENT OF FACTS.

Action by Theodore Ott against J. D. Winfield. From a judgment for plaintiff, defendant brings error. Affirmed.

The petition in this case charged that the Farmers' & Merchants' Bank was a banking corporation, duly organized and doing business at Blackwell, Oklahoma Territory; that the defendant was a director thereof; that on the 11th day of October, 1895, the bank received a deposit from the plaintiff upon an open account, subject

to plaintiff's check, of the sum of $550; that on the 24th day of October, 1895, the bank, by reason of insolvency, utterly failed and ceased to do business; and the plaintiff averred that at the time of the reception of the deposit by the Farmers' & Merchants' bank is was wholly insolvent, and in failing circumstances, and that no part of the sum had been repaid. Judgment was prayed for in the sum $550, with interest. General denial. No evidence was offered to the effect that the defendant had any knowledge that the bank was insolvent at the time of the reception of the deposit. The plaintiff's evidence was demurred to for the reason that it did not show that the plaintiff was entitled to recover. The demurrer was overruled by the court, to which the defendant excepted. The defendant offered no evidence, but rested, whereupon the court instructed the jury that the following questions were referred for their consideration: (1) "Whether or not the Farmers' & Merchants' Bank, on the 11th day of October, 1895, was a banking institution doing business at Blackwell, O.T. (2) Whether or not, at the said time, it was insolvent, and in failing circumstances. (3) Whether or not the defendant, J. D. Winfield, was a director in said bank. (4) That the plaintiff made the deposit on the 11th day of October, 1895. (5) If you find these things to be true, you must find for the plaintiff, and assess the amount of his recovery at the amount of the deposit made by him, together with the interest thereon at the rate of 7 per cent. per annum from the time of the suspension of the business of such bank." To the giving of these instructions, exceptions were taken by the defendant, who requested the court to instruct the jury that under the laws of the Territory of Oklahoma and the testimony in the case their verdict must be for

the defendant, J. D. Winfield. This instruction was refused to the defendant, and exception reserved. The verdict was rendered for the amount claimed by the plaintiff, and motion for a new trial filed, upon the grounds, among others, that (1) the verdict was not sustained by sufficient evidence, (2) was contrary to law, (7) in giving said instructions to the jury, and (8) refusing the instructions asked by the defendant.

Opinion of the court by

McATEE, J.:    The sole question in the case arises under sections 1 and 3 of chapter 7, ("Bank Depositors,") of the Statutes of Oklahoma, which are as follows:

"SECTION 1:    It shall be unlawful for any president, director, manager, cashier, or other officer or clerk of any banking institution, or any private banker or officer or clerk of a private bank doing business in this Territory, to receive or assist to, or permit the reception of any deposit of money or other valuable thing in such bank or banking institution; or for any such banker, officer or clerk to create or assent to or permit the creation of any debt or indebtedness by such bank or banking institution, in consideration or by reason of which indebtedness, any money or valuable property, shall be received into such bank or banking institution after he shall have knowledge of the fact that it is insolvent or in failing circumstances."

"SEC. 3:    It is hereby made the duty of every person or officer mentioned in section 1 of this act to know the condition of the bank or banking institution with which he is connected, as to solvency, and his failure to know its financial condition shall be no defense to any prosecution or civil action brought under the provisions of this act."

The question is whether the legislature has the power to establish a conclusive rule of evidence which shall pre-

clude a party from establishing his right in opposition
to it.   The contention of the plaintiff in error is that the
legislature sought, by section 3 of this act, to establish
a conclusive rule of evidence, which should preclude the
defendant, in an action like the present, from showing
his knowledge, or the want of it, concerning the condition
of the bank; and that this, if so, would be a violation
of the fifth article of the amendments to the constitution
of the United States, which provides that "no person shall
be deprived of life, liberty or property without due
process of law."

Under this proposition it may be said that the power
of the legislature over the rules of evidence is probably
complete and supreme.   But this is not the proposition
presented by the statute before us.   It is provided by
the statute that it shall be the "duty of every person or
officer mentioned in section one of this act," including
directors, "to know the condition of the bank or bank-
ing institution with which he is connected, as to solvency,
and his failure to know its financial condition shall be no
defense to any prosecution or civil action brought under
the provisions of this act."   The statute here provides a
rule of duty, which shall rest upon the "person or officer"
connected with the banking institution, to know of its
insolvency.   The law-making power of the Territory
proposes an incorporation act under which banks may,
by submitting to the direction of the statute with regard
to certain duties, assume the rights and exercise the
powers of a bank or banking institution.   The citizens
of the state, subject to the law-making power, and
claiming the statutory privilege under it of organizing
a bank or banking institution, must do so upon such
terms as the statute prescribes.   If they undertake the

rights, they must assume and be subject to the duties, prescribed by the statute. The duties and liabilities are correlative of the rights and privileges to which they seek, by incorporating under the statute, to become entitled. They cannot exercise one without being subject to the other. It is a matter of free choice. If an individual in this Territory undertakes to join with others, and to become a director or "other person or officer" in the direction and managment of a bank or banking institution incorporated under the statute, he is subject to the duties prescribed by the statute, and must discharge them, and is responsible for their discharge, in the very terms prescribed by the statute. The statute makes it the duty of all such "persons or officers" to know the condition, and then that "the failure to know its financial condition shall be no defense to any prosecution or civil action brought under the provisions of this act." The legislature had the power to prescribe the terms upon which banks and banking institutions should be carried on in this Territory. It saw fit to declare that all persons who are mentioned in section 1— the officers and managers and directors of such an institution—who held themselves out as the responsible and intelligent managers of it should not exploit a vain and empty credit for the purpose of getting the commercial or financial benefit of a connection with such an institution, without imposing upon such persons a correlative liability for its debts, if the institution was permitted by them to receive deposits after it had become insolvent.

It was said by Judge Cooley, in his work on Constitutional Limitations, (page 453,) that "if parties should enter into a contract in view of such a statute then exist-

ing, its provisions might properly be regarded as assented to and incorporated in their contract, and therefore binding upon them."

The liability is in plain and express terms by the statute. The director, Winfield, in this case, saw fit to assume this liability, and he cannot be permitted to escape it by setting up that his failure to discharge the peremptory duty imposed by it can be protected under the proposition that this rule of duty is a rule of conclusive evidence, and that he is entitled under it to exemption from liability. The petition in error will be dismissed, and the judgment of the court below affirmed.

All of the Justices concurring.